IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAEANNA LANCASTER,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civil Action No. 08-1537
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of March, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for SSI on January 5, 2006, alleging a disability onset date of January 5, 2006, due to mental health issues. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on December 4, 2007, at which plaintiff, represented by a non-attorney representative, appeared and testified. On February 7, 2008, the ALJ issued a decision finding plaintiff not disabled. On June 16, 2008, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 24 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has an tenth grade education which is classified as limited. 20 C.F.R. §416.964(c). She has no past relevant work experience and has not engaged in any substantial gainful activity since the date her application was filed. Paramount to this case, plaintiff has a long-standing history of substance abuse.

Where drug addiction or alcoholism is an issue, the ALJ must adhere to the regulations promulgated to implement the Contract with America Advancement Act. 20 C.F.R. §416.935. Those regulations require the Commissioner, where a claimant is found disabled and there is medical evidence of alcoholism or a drug addiction, to determine whether the claimant's alcohol or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §416.935(a). Under the regulations, the "key factor" in determining whether drug addiction is a contributing factor material to the determination of disability is whether the claimant still would be found disabled if she stopped using drugs. 20 C.F.R. §416.935(b)(1).

Here, the ALJ found that plaintiff "has the following severe combination of impairments: affective disorder vs. major depression or bipolar disorder with anxiety, agoraphobia and panic disorder versus posttraumatic stress disorder, history of obsessive compulsive disorder, low average IQ scores, history of motor vehicle accident with closed head injury (CHI), and drug and/or alcohol addiction (DA&A) with evidence of polysubstance abuse." (R. 20). The ALJ found that, with drug addiction and alcohol use, plaintiff has a combination of conditions that meet or medically equal the listings for substance addiction disorders (Listing 12.09) and affective disorders (Listing 12.04), and therefore is disabled.

The ALJ then undertook an extensive analysis of whether plaintiff's drug addiction is a contributing factor material to

the determination of disability and concluded that, absent drug addiction, plaintiff's remaining limitations would not be disabling. (R. 20-34). The ALJ found that, absent material drug and alcohol abuse, plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels, but with certain enumerated restrictions recognizing the limiting effects of her impairments. (R. 29). Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

Here, plaintiff alleges that the ALJ improperly evaluated the effect of her *prior* substance abuse, which she asserts is in full remission. Plaintiff alleges that the ALJ erroneously equated plaintiff's medically prescribed methadone treatment program to continuing substance abuse, and then relied upon that error to "minimize" her remaining work-related limitations caused by depression and post-traumatic stress disorder. Upon review, the court is convinced that the ALJ's findings are supported by substantial evidence.

The crux of plaintiff's position is her assertion that her substance abuse is in full remission except for her methadone use, which was a medically prescribed treatment program for her past heroin addiction. This assertion is belied wholly by the record, which is replete with evidence of continuing drug use, even apart from the methadone, during the relevant time period. The ALJ noted that the evidence showed continuing addiction to the "synthetic methadone opiate <u>as well as</u> abuse and dependency with regard to other substances." (R. 18)(emphasis added).

The ALJ discussed in detail the evidence of continuing use in his decision and that evidence need not be rehashed here. (R. 20-22). In sum, the evidence relied upon by the ALJ included plaintiff's "unreliable self-reporting" with regard to her drug usage to her treating physicians, plaintiff's own admissions to using Valium and occasional marijuana, a positive test in November of 2005 for barbiturate, cannaboid and opiate, and other drug seeking behavior, such as an attempt to obtain Vicodin from a clinic for pain. (R. 20-22).

Based on the foregoing, the ALJ concluded that plaintiff "is not in sustained full or partial remission with methadone treatment since November 2005 and did not abstain from substance abuse or heroin use." (R. 21). It is clear from the ALJ's decision that he was not "equating" compliance with a methadone treatment program with continuing substance abuse. Instead, he found that plaintiff was not fully compliant with the methadone treatment program and continued to engage in drug use and other

drug seeking behavior, and was not truthful with various treating physicians as to either her past or current drug usage.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff's drug addiction is a contributing factor material to the determination of disability. The ALJ complied fully with the applicable regulations regarding drug addiction and alcoholism and his findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                  Gustave Diamond
                                                  United States District Judge

cc:  Karl E. Osterhout, Esq.
     1789 South Braddock Avenue
     Suite 570
     Pittsburgh, PA 15218

     Jessica Smolar
     Assistant U.S. Attorney
     U.S. Post Office & Courthouse
     700 Grant Street, Suite 4000
     Pittsburgh, PA 15219